1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MICHAEL M. CORJASSO, III,

11              Petitioner,                    No. CIV S-97-0018 GEB GGH P

12        vs.

13   ROBERT AYERS, et al.,

14              Respondent.             FINDINGS AND RECOMMENDATIONS

15   _____/

16              Petitioner is a state prisoner proceeding through counsel with a petition for writ of

17   habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the court is respondent's motion to

18   dismiss for failure to exhaust state court remedies filed June 16, 2005.  A hearing was held

19   regarding this motion on July 28, 2005.  After carefully considering the record, the court

20   recommends that respondent's motion be denied.

21              The exhaustion of state court remedies is a prerequisite to the granting of a

22   petition for writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  If exhaustion is to be waived, it must

23   be waived explicitly by respondent's counsel.  28 U.S.C. § 2254(b)(3).  A waiver of exhaustion,

24   thus, may not be implied or inferred.  A petitioner satisfies the exhaustion requirement by

25   providing the highest state court with a full and fair opportunity to consider all claims before

26   presenting them to the federal court.  Picard v. Connor, 404 U.S. 270, 276,  92 S. Ct. 509, 512

1

1 (1971); <u>Middleton v. Cupp</u>, 768 F.2d 1083, 1086 (9th Cir.), <u>cert</u>. <u>denied</u>, 478 U.S. 1021 (1986).

2       This action is proceeding on the second amended petition filed January 29, 1999.

3 On August 19, 2003, this court recommended that partial summary judgment should be denied

4 petitioner on claims 1, 2, 3, and that partial summary judgment should be entered for respondent

5 as to those claims.  In claim 2, petitioner argued that his counsel was ineffective for failing to

6 challenge the continued presence of Ms. Hill on the jury.  As to this claim, the court found that

7 because the presence of Ms. Hill on the jury did not prejudice petitioner, it need not consider the

8 conflict between petitioner and counsel regarding this decision.[1]  On September 24, 2003, the

9 district court adopted these findings and recommendations.

10       On October 23, 2003, petitioner filed an interlocutory appeal of the September 24,

11 2003, order.  On November 15, 2004, the Ninth Circuit affirmed the September 24, 2003, order

12 in part.  The Ninth Circuit reversed this court's order denying petitioner's ineffective assistance

13 of counsel claim and remanded for an evidentiary hearing.  The Ninth Circuit found that there

14 was a material dispute as to whether counsel consulted with petitioner about Ms. Hill's continued

15 presence on the jury and ordered an evidentiary hearing as to this issue.  Respondent now argues

16 that this claim is not exhausted.

17       Petitioner raised the at-issue ineffective assistance of counsel claim in his verified

18 state habeas petition filed with the California Supreme Court on January 16, 1998.  Answer filed

19 May 31, 2002, Exhibit D, p. 3.  Petitioner alleged,

20      My counsel failed to object to the continued presence on the jury of Mr.
Rasmussen's client [Ms. Hill].  My counsel failed to move for a mistrial.  My
21      counsel failed to investigate the circumstances of the juror's contacts with Mr.
Rasmussen's firm.  As a result, the appearance of impropriety was permitted to
22      continue and I was unfairly convicted by a partial jury.

23 <u>Id.</u>

24 /////

25  

26     [1] The court stated that as to the two claims remaining to be adjudicated, the court would
issue separate findings and recommendations.

1    This factual basis of this claim was obviously that petitioner did not agree with

2 counsel's decision not to challenge Ms. Hill.  In this state petition, petitioner also requested that

3 the action be referred to Superior Court if the California Supreme Court found any factual issues

4 that needed to be resolved.  Id., p. 5.

5    In the response to the state habeas petition, respondent did not dispute petitioner's

6 factual assertions regarding this claim.  Respondent argued that petitioner was not prejudiced by

7 counsel's failure to move for the removal of Ms. Hill because such a motion would have been

8 denied and because petitioner had presented no evidence that Ms. Hill was in any way biased

9 against him.  See Petitioner's June 23, 2005, opposition, Exhibit 1, pp. 6-7.  The California

10 Supreme Court denied the petition without comment or citation.  Id., Exhibit E.

11    On May 7, 2003, petitioner filed a summary judgment in this court as to claims

12 one through three, which included his ineffective assistance of counsel claim.  On March 26,

13 2003, respondent filed an opposition, which included the declaration of petitioner's counsel.  In

14 this declaration, petitioner's counsel stated that he had spoken to petitioner regarding Ms. Hill

15 and that petitioner expressed a desire to keep her on the jury.  In response, on April 4, 2003,

16 petitioner filed his own declaration stating that counsel's declaration was false.

17    In the pending motion, respondent argues that prior to the Ninth Circuit's order,

18 there had never been a material dispute regarding counsel's consultation with petitioner about

19 Ms. Hill.  Therefore, the claim became unexhausted once the Ninth Circuit found the factual

20 dispute to be material.  Respondent argues that the state court must be given an opportunity to

21 rule on the claim, as supported with the newly material factual allegations.  Respondent also

22 argues that petitioner created this dispute when he submitted his own declaration to this court on

23 April 10, 2003.

24    In Russell v. Rolfs, 893 F.2d 1033, (9th Cir. 1990), the Ninth Circuit stated that the

25 state was estopped from asserting inconsistent positions on exhaustion:

26 /////

1
2
3
4

> The duty of states as described in <u>Granberry</u> is to advise district courts as to whether state remedies have been exhausted is best met with candor, not misdirection.  A state under these circumstances misleads a district court by mentioning only that portion of its views that favor the immediate result it seeks, and the upshot is to whipshaw the petitioner back and forth between two court systems.

5   893 F.2d at 1038.

6            While respondent has not intentionally mislead the court regarding exhaustion, he

7   has, in essence, presented inconsistent positions.  In the California Supreme Court, respondent

8   accepted petitioner's factual assertion that he (petitioner) disagreed with counsel's decision not to

9   challenge Ms. Hill.  Respondent then submitted counsel's declaration in this court, disputing for

10  the first time the factual assertions made by petitioner in state court.  Respondent is estopped

11  from arguing that the ineffective assistance of counsel claim is not exhausted based on his

12  decision to submit new evidence in these proceedings.

13           Moreover, respondent's decision in state court to not submit counsel's declaration

14  and to accept petitioner's version of events did not deprive the California Supreme Court of a fair

15  opportunity to review petitioner's ineffective assistance of counsel claim.  <u>Picard v. Connor</u>, 404

16  U.S. 270, 276,  92 S. Ct. 509, 512 (1971).  Even though counsel's declaration was not in the state

17  court record, the California Supreme Court could still have ordered an evidentiary hearing to

18  determine counsel's tactical reasons for not challenging Ms. Hill if it had decided that this was a

19  material issue.  Like this court, the California Supreme Court apparently found that because

20  petitioner was not prejudiced, it need not consider this issue.  Just because the Ninth Circuit

21  decided that further factual development of this issue is required does not mean that the

22  California Supreme Court did not have a fair opportunity to review this claim.

23           For the reasons discussed above, the court finds that petitioner's ineffective

24  assistance of counsel claim is exhausted.

25           Accordingly, IT IS HEREBY RECOMMENDED that June 16, 2005, motion to

26  dismiss be denied.

4

1    These findings and recommendations are submitted to the United States District

2  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

3  days after being served with these findings and recommendations, any party may file written

4  objections with the court and serve a copy on all parties.  Such a document should be captioned

5  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

6  shall be served and filed within ten days after service of the objections.  The parties are advised

7  that failure to file objections within the specified time may waive the right to appeal the District

8  Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

9  DATED:   9/21/05

10                                                       /s/ Gregory G. Hollows

11                                                       _____
                                                         GREGORY G. HOLLOWS
12                                                       UNITED STATES MAGISTRATE JUDGE

13  ggh:kj
    corj18.mtd
14

15

16

17

18

19

20

21

22

23

24

25

26