IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL M. CORJASSO, III,

    Petitioner,                      No. CIV S-97-0018 GEB GGH P

   vs.

ROBERT AYERS, et al.,

    Respondents.                   FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state prisoner proceeding through counsel with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is petitioner's January 24, 2006, motion to stay this action pending exhaustion of new claims. On November 10, 2006, a hearing was held regarding this motion. After carefully reviewing the record, the court recommends that this motion be denied.

        Petitioner moves to stay this action pending exhaustion of four new claims. In <u>Rhines v. Weber</u>, \_\_\_ U.S. \_\_\_, 125 S. Ct. 1528 (2005), the Supreme Court held that a habeas petition may only be stayed for further exhaustion if the petitioner can show good cause for his failure to first exhaust his claims in state court. In order to qualify for the stay, petitioner must show good cause for his failure to first exhaust his claims in state court. In order to qualify for the stay, petitioner must show "good cause" for the delay and that his claims are not "plainly

1

1  meritless." Rhines, 125 S. Ct. at 1535.  What constitutes good cause has not been precisely
2  defined except to indicate at the outer end that petitioner must not have engaged in purposeful
3  dilatory tactics, id., and that "extraordinary circumstances" need not be found.  Jackson v. Roe,
4  425 F.3d 654, 661 (9th Cir. 2005).  See Rhines, 125 S. Ct. at 1536 (Stevens, J., concurring) (the
5  "good cause" requirement should not be read "to impose the sort of strict and inflexible
6  requirement that would trap the unwary pro se prisoner." (internal citation omitted)); see also id.
7  (Souter, J., concurring) (pro se habeas petitions do not come well trained to address tricky
8  exhaustion determinations).

9  The undersigned has struggled to set forth standards for the showing of good
10 cause discussed in Rhines.  At one point, the undersigned believed that "a prima facie case that a
11 justifiable, legitimate reason exists which warrants the delay of federal proceedings while
12 exhaustion occurs, would suffice."  Bryant v. Carey, 2006 WL 241479, *2 (E.D.Cal. 2006).
13 However, this definition does little but say "good cause" in other words.  Upon reflection, the
14 undersigned believes that the criteria utilized in Pioneer Inv. Services v. Brunswick Associates,
15 507 U.S. 394, 113 S. Ct. 1489 (1993), in defining "excusable neglect" works well with the good
16 cause referenced in Rhines.  That is, the court will look to factors such as prejudice to the non-
17 moving party, length of the delay and its effect on efficient court administration, whether the
18 delay was caused by factors beyond the control of the movant, and good faith.  Id. at 386, 396,
19 113 S. Ct. at 1493, 1498.  The fact that counsel was even negligent does not per se disqualify
20 counsel from a finding of excusable neglect.  Id. at 394-395, 113 S. Ct. at 1498.  However,
21 whether it is inappropriate to penalize a client for the actions of his lawyer is not a factor to be
22 considered.  Id. at 396, 113 S. Ct. at 1499.

23 In order to put petitioner's motion in context, the following background is
24 required.  On January 6, 1997, petitioner filed the original pro se petition.  On June 19, 1997, the
25 court appointed counsel to represent petitioner.  On January 7, 1998, petitioner filed an amended
26 petition raising three claims: 1) violation of due process by appearance of impropriety due to a

pre-existing and continuing client relationship between the prosecutor and juror Hill; 2) ineffective assistance of counsel based on counsel's failure to object to continued presence of juror Hill on the jury; 3) ineffective assistance of appellate counsel. On February 2, 1998, this action was dismissed pending petitioner's exhaustion of claims.

On January 27, 1999, petitioner filed a second amended petition raising the three claims raised in the first amended petition as well as two additional claims: 1) denial of due process because the testimony of prosecution witness Allen was tainted by her involuntary confession; and 2) denial of due process because testimony of prosecution witness Allen was compelled by the use of a coercive truthful immunity agreement.

On April 25, 2000, the court dismissed this action on grounds that it was barred by the statute of limitations, and on May 19, 2000, judgment was entered. On February 26, 2002, the Ninth Circuit Court of Appeals reversed and remanded this action. On September 24, 2003, the court denied petitioner's motion for partial summary judgment as to petitioner's claims 1, 2, and 3, and granted partial summary judgment for respondent as to these claims. On January 4, 2005, the Ninth Circuit reversed the September 24, 2003, order in part and remanded this matter for an evidentiary hearing as to petitioner's ineffective assistance of counsel claim. On September 23, 2005, the evidentiary hearing was held. After the parties filed post-evidentiary hearing briefing, the matter was submitted for decision on January 5, 2006.

In the pending motion, filed January 24, 2006, petitioner seeks leave to exhaust new claims regarding juror Geroux: 1) Geroux's presence on the jury violated petitioner's right to an impartial jury because Geroux expressed safety concerns; 2) violation of right to due process because petitioner was unaware of Geroux's note to the court, etc., 3) counsel was ineffective with respect to juror Geroux; 4) appellate counsel was ineffective with respect to issues concerning juror Geroux.

Petitioner's counsel states that the delay in presenting the claims regarding juror Geroux was caused by his oversight and workload. Counsel states that while he noticed the note

3

from Ms. Geroux when reading the transcript, he erred in not discussing this juror with petitioner or identifying these issues prior to the time of the evidentiary hearing.

When viewed in the light of Pioneer, the court cannot find that excusable neglect exists in this case. Counsel for petitioner has certainly acted in good faith, but every other factor weighs against permitting a stay and abeyance herein. Respondent is prejudiced in that the state has an important interest in the finality of criminal convictions which grows stronger with the passing years. Thus, although the passing of years has not been entirely the fault of petitioner, he bears a significant portion of the fault for the years-long processing of this case.[1]  Re-opening what was a submitted case on the merits after all these years is adverse to that interest. Nor can the court find that the effect on efficient court administration is negligible. New cases arrive at the courthouse daily, and if the court's attention is continually averted from these new cases by re-starting cases which should have been at issue long before the present time, the new cases simply get pushed aside into some judicial backwater. Moreover, the circumstances leading to the request for this present stay and abeyance request were not beyond the control of the movant. Of course, we all, including the undersigned, have encountered situations where we did not recognize a key issue or argument until late(er) in the day. This happens to the best of lawyers (and judges). But that is not the point of this factor. The point is whether some outside, uncontrollable event precluded the bringing of the Geroux juror issue. Simply saying that the issue was overlooked by counsel is not outside the control of petitioner since he is held bound by the acts of his counsel. If the rule were otherwise—there would be no rule; every late discovery

---

[1] The undersigned recognizes that the Ninth Circuit was critical of the Clerk's Office of the District in its handling of the initial petition herein, and perhaps even of the undersigned, but a good part of the initial filing confusion could be laid at the doorstep of petitioner, and then his counsel who dismissed the first federal petition without prejudice. See Corjasso v. Ayers, 278 F.3d 874 (9th Cir.2002). But of overriding importance, there is little reason why the issue of the Geroux juror was not available for adjudication before the second appeal in this case. Even after the adjudication of the merits of the raised issues and the second appeal (on the merits), counsel did not recognize his proffered significance of the Geroux juror issue until after the evidentiary hearing after remand.

based upon the "light bulb clicking on" at whatever stage of the case would be excusable. Nothing outside the control of petitioner is posited here.

*Conclusion*

While the court is sympathetic with counsel's work load, counsel's oversight and work load do not constitute good cause for the delay in the presentation of these claims. If the court found these circumstances to justify the delay, then good cause could be found in virtually every case, which the Supreme Court clearly did not intend in Rhines. Because petitioner has not demonstrated good cause for his failure to previously bring these claims, the court recommends that petitioner's January 24, 2006, motion to stay be denied.

Accordingly, IT IS HEREBY RECOMMENDED that petitioner's January 24, 2006, motion to stay be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: 3/8/06

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

ggh:kj
corj18.den