IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL M. CORJASSO, III,

    Petitioner,                      2:97-cv-0018-GEB-GGH-P

    vs.

ROBERT AYERS, et al.,

    Respondents.                  <u>ORDER</u>

_____/

        Petitioner, a state prisoner proceeding through counsel, has filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262.

        On March 9, 2006, the magistrate judge filed findings and recommendations ("F&Rs") herein which were served on all parties and which contained notice to all parties that any objections to the F&Rs were to be filed within twenty days. Petitioner has filed objections to the F&Rs.

        In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 72-304, this court has conducted a <u>de novo</u> review of this case. As stated in the F&Rs, "counsel's oversight and workload do not constitute good cause for the delay in the presentation of [Petitioner's new] claims." (F&Rs at 5.) However, the portion of the F&Rs in which the

1

Magistrate Judge defines "good cause" by using the same factors that are used to define "excusable neglect" in <u>Pioneer Inv. Services, v. Brunswick Associates</u>, 507 U.S. 394 (1993), a bankruptcy case, is not adopted, since it is more appropriate to use the same standard a habeas petitioner must satisfy in a procedural default case. "[T]o show "cause" for a procedural default, a petitioner ordinarily must show that the default resulted from an objective factor external to the petitioner which cannot fairly be attributed to him or her." <u>Hernandez v. Sullivan</u>, 397 F. Supp. 2d 1205, 1206-07 (C.D. Cal. 2005). Here, counsel's oversight does not constitute cause. <u>Cf. Johnson v. Sullivan</u>, 2006 WL 37037, at *3 (C.D. Cal. Jan. 4, 2006) ("[A]n error of appellate counsel on a discretionary appeal . . . cannot constitute cause to excuse a procedural default in a federal habeas proceeding. Counsel's failure to raise the issue cannot be deemed 'good cause' for the failure to exhaust state remedies.").

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed March 9, 2006, are adopted as stated above; and

2. Petitioner's January 24, 2006, motion to stay is denied.

Dated: June 5, 2006

```
                                    /s/ Garland E. Burrell, Jr.
                                    GARLAND E. BURRELL, JR.
                                    United States District Judge
```